IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GIORGIO TAYLOR, TDCJ No. 2477795, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:24-cv-346-B-BN |
| ETHAN SAYERS, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff GiorGio Taylor, a Texas inmate, filed a *pro se* complaint alleging that events occurring while he was incarcerated at the Hutchins State Jail, in this district, violated his constitutional rights. *See* Dkt. No. 3.

United States District Judge Jane J. Boyle referred Taylor's lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

Through a separate order, the Court will grant Taylor's motion for leave to proceed *in forma pauperis* [Dkt. No. 4] under the Prison Litigation Reform Act ("PLRA").

The PLRA requires that, where a plaintiff is imprisoned or detained pending trial and seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is

immune from such relief." 28 U.S.C. § 1915A(b).

And, considering the complaint under the PLRA, the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should dismiss Taylor's claims.

## Legal Standards

As set out above, the PLRA authorizes the Court to dismiss a complaint where it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

Because this language tracks the language of Federal Rule of Civil Procedure 12(b)(6), the Court should apply the pleading standards as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Under these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, but it does require "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal for failing to state a claim upon which relief may be granted under Section 1915A(b)(1), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## Analysis

Taylor seeks $20,000 in damages, *see* Dkt. No. 3 at 5, alleging that the

defendants "deprived [him] of food," *id.* at 3, where he was told on one ocassion that he forfeited his right to a meal because he "was out of place," to which Taylor responded by telling corrections officers/defendants that he "was going to fight for [his] right" to eat, *id.* at 4.

Officers told Taylor to return to his dorm; he refused; and an officer "threatened to spray" Taylor. *Id.* Two officers then began to escort Taylor to his dorm, when Taylor made a final request for his meal. *See id.* When he was refused, Taylor "swung at" one of the officers and "started fighting, so they had to use force." *Id.*

This altercation resulted in charges against Taylor, and he ultimately pled guilty to assault of a public servant. *See id.*; *State v. Taylor*, F23-82990.

To start, Taylor's requesting damages through a civil complaint filed under 42 U.S.C. § 1983 where he stands convicted of a criminal offense that stems from allegations in the complaint could subject his claims to the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), to the extent that "success on [his] claims would necessarily implicate the validity of his conviction or confinement." *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (footnote omitted); *see id.* at 497 ("[A] state prisoner seeking monetary damages cannot proceed under § 1983 if success on those claims would 'necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.'" (quoting *Heck*, 512 U.S. at 486-87)); *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) ("It is well settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that violation arose from the same facts attendant to the charge for which he was

convicted, unless he proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." (cleaned up; quoting *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting, in turn, *Heck*, 512 U.S. at 486-87))).

But, "if the conviction and successful § 1983 claim can co-exist, *Heck* is no bar to suit." *Williams v. McDonough*, No. 22-40281, 2023 WL 2733443, at *2 (5th Cir. Mar. 31, 2023) (per curiam) (citing *Poole v. City of Shreveport*, 13 F.4th 420, 426-27 (5th Cir. 2021)).

And here, they can, insofar as Taylor limits his Section 1983 claim to the defendants' allegedly depriving him of food, *see* Dkt. No. 3 at 3, and Taylor does not allege that an officer used excessive force against him after he initiated a fight, *see id.* at 4.

Even so limited, Taylor nevertheless fails to allege a plausible constitutional violation where "it is established that 'the prison system is not required to provide inmates with three meals a day.'" *Thompson v. Davis*, No. 3:20-cv-179-X-BN, 2022 WL 4097991, at *2 (N.D. Tex. Apr. 8, 2022) (quoting *Myles v. Barlow*, No. 9:20-CV-252, 2022 WL 1046375, at *1 (E.D. Tex. Apr. 7, 2022) (citing, in turn, *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986))), *rec. accepted*, 2022 WL 4100820 (N.D. Tex. Sept. 6, 2022).

And, absent "an allegation of resulting harm, complaints regarding food service practices simply are not of constitutional dimension." *Myles*, 2022 WL 1046375, at *1

(quoting *Billizone v. Jefferson Par. Corr. Ctr.*, No. 14-1263, 2015 WL 1897683, at *5 (E.D. La. Apr. 27, 2015)).

The Court should therefore dismiss Taylor's claims.

## Leave to Amend

The time to file objections to this recommendation (as further explained below) allows Taylor an opportunity to explain how the fatal pleading deficiencies identified above can be cured and thus show the Court that this case should not be dismissed at this time and that the Court should instead grant him leave to further amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

If Taylor fails to show that leave to amend should be granted, the Court should dismiss this case with prejudice.

## Recommendation

Unless Plaintiff GiorGio Taylor satisfactorily shows through timely objections a basis to amend the complaint to allege a plausible claim, the Court should dismiss the complaint with prejudice under 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 21, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE